[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10243
Non-Argument Calendar
_____

D.C. Docket No. 9:15-cr-80152-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LOUISMAR FRANCOIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 9, 2016)

Before WILLIAM PRYOR, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Louismar Francois appeals his 36-month sentence, imposed after he pled guilty to attempted exportation of a firearm, in violation of 18 U.S.C. § 554(a). On appeal, Mr. Francois argues that the district court erred (1) in calculating his offense level using U.S.S.G. § 2M5.2(a)(1) instead of § 2K2.1; (2) by failing to consider the built-in departure provisions in § 2M5.2, application note 1; and (3) in imposing a below-guideline sentence because it was substantively unreasonable under 18 U.S.C. § 3553(a). After a thorough review of the record and briefs, we affirm.

## I

In June of 2015, the Bureau of Alcohol, Tobacco, Firearms and Explosives began investigating Mr. Francois after a confidential informant shared information that he was trafficking firearms from the United States to Haiti. Mr. Francois had made arrangements with the informant to buy five 9mm handguns.  An undercover agent met with Mr. Francois to discuss shipping, and Mr. Francois explained that he would package the guns with other items—such as TVs, VCRs, and clothing— to conceal them from U.S. Customs. Mr. Francois told the undercover agent that he buys guns for $300 in the United States and sells them for $600 in Haiti; he also stated that he would need 10 more guns to ship the following month.

On August 12, 2015, Customs agents seized and examined cargo that Mr. Francois was shipping to Haiti. They found four semi-automatic pistols hidden in

the cargo. Agents arrested Mr. Francois the next day. He admitted to packing the cargo, but denied knowing about the hidden guns. He later admitted his involvement, accepted responsibility, and expressed regret.

In preparing the presentence investigation report, the probation officer calculated a base offense level of 26 under U.S.S.G. § 2M5.2(a)(1). Mr. Francois received a three-level reduction for accepting responsibility and a category I criminal history assignment, resulting in a total offense level of 23 and an advisory guideline range of 46 to 57 months in prison.

At sentencing, Mr. Francois objected to the application of § 2M5.2(a)(1), arguing that the district court should apply § 2M5.2(a)(2), with a lower base offense level of 14, because §2M5.2 (a)(1) covers military weapons, missiles, and other explosives, and his case only involved handguns. The government responded that § 2M5.2(a)(2) was not applicable because Mr. Francois' shipment exceeded two weapons. Mr. Francois also argued that rather than raising the base offense level from 14 to 26 for having four firearms instead of two, the district court should apply advisory guideline § 2K2.1 and impose a two-level increase for having between three and seven firearms.

The district court overruled Mr. Francois' objections to the base offense level, stating that "the guidelines are advisory, but the Court… really needs to look at the plain language and apply it." The district court explained that it must look

3

first at the offense of conviction, which in this case was exportation of firearms, and then examine the Statutory Index of the Advisory Guidelines, which lists § 2M5.2 as the appropriate sentencing guideline for Mr. Francois' offense. Although the district court acknowledged there was a substantial difference between a base offense level of 14 and 26, it concluded that 26 was the appropriate offense level.

Mr. Francois requested a downward variance under § 3553(a), arguing that his advisory sentencing range was too high considering the facts of the case and his lack of criminal history. He asked the court to analogize to § 2K2.1, which would result in a sentence within the range of 24 to 30 months. He asserted that under § 2K2.1, he would have a base offense level of 14, a two-level increase for three-seven firearms, a four-level trafficking increase, and a three-level acceptance of responsibility reduction, resulting in an offense level of 17. Mr. Francois also argued that § 2M5.2 was intended to address activities that endangered national security or undermined United States foreign policy, and the facts of his case showed neither evidence of a threat to national security nor an effort to undermine foreign policy, so the court should take that in to consideration when computing his sentence.

The district court evaluated the § 3553(a) factors and granted a downward variance to 36 months, a 10-month reduction from the bottom of the range calculated under § 2M5.2. The court stated: "[I]n this case, a sentence slightly

4

below the advisory guideline range would be a sentence that is sufficient, but not greater than necessary to achieve the goals that Congress has set forth."

## II

Legal interpretations of the advisory sentencing guidelines are reviewed *de novo*. *See United States v. Bailey,* 123 F.3d 1381, 1403 (11th Cir. 1997). A district court must determine which offense guideline covers the offense of conviction. *See United States v. Belfast*, 611 F.3d 783, 824 (11th Cir. 2010); U.S.S.G. § 1B1.2(a). The district court identifies the appropriate offense guideline using the Statutory Index for the offense of conviction. *See Belfast*, 611 F.3d at 824; U.S.S.G. § 1B1.2(a). When a criminal statute has more than one corresponding guideline, the district court applies the guideline most appropriate for the conduct for which the defendant was actually convicted, and then determines the appropriate guideline range. *See Belfast*, 611 F.3d at 824.

Mr. Francois first argues that the district court should have used § 2K2.1 instead of § 2M5.2. We disagree. The Sentencing Guideline Manual lists four corresponding guidelines for a conviction under 18 U.S.C. § 554(a): §2B1.5, § 2M5.2, and § 2Q2.1. *See* U.S.S.G. App. A. One of these, § 2M5.2, applies to the exportation of firearms, ammunition, or military equipment without a valid export license.

The district court did not err when it applied § 2M5.2.  Mr. Francois pled guilty to a violation of 18 U.S.C. § 554(a). The corresponding guideline in the statutory index that best matched Mr. Francois' conviction was § 2M5.2. In contrast, § 2K2.1 is not listed in the statutory index for a violation of § 554. Accordingly, we affirm the district court's ruling as to this issue.

## III

We lack jurisdiction to review a district court's refusal to grant a discretionary downward departure unless the district court incorrectly believed that it did not have the statutory authority to depart. *See United States v. Norris,* 452 F.3d 1275, 1282–83 (11th Cir. 2006). Barring an indication in the record to the contrary, we assume that the district court understood it has the authority to apply a downward departure. *See United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006).

Application note 1 of § 2M5.2 explains that the base offense level assumes that the conduct was or had the potential to be harmful to a United States security or foreign policy interest and notes that a downward departure may be applicable in the "unusual case" where no such harm or potential harm was present. *See* U.S.S.G.  § 2M5.2, comment. (n.1).  Mr. Francois argues the district court erred in failing to consider a departure under this application note.

6

We lack jurisdiction to consider the merits of whether a downward departure would have been appropriate under application note 1 to § 2M5.2 because there is no indication in the record that the district court believed it lacked the authority to grant one. Rather, the record suggests that no such departure was awarded because Mr. Francois never requested one. He only requested a downward variance, through an analogy to § 2K2.1, which the district court granted.

## IV

We review the reasonableness of a sentence under an abuse of discretion standard. *See Gall v. United States,* 552 U.S. 38, 41 (2007). We review a sentence's substantive reasonableness by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence. *See United States v. Gonzales,* 550 F.3d 1319, 1324 (11th Cir. 2008). The weight given to any specific § 3553(a) factor is left to the discretion of the district court. *Id.* A court can abuse its discretion when it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment in considering the proper factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The party challenging the sentence bears the burden of demonstrating that the sentence is substantively unreasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). A sentence well below the statutory

7

maximum is an indication of reasonableness. *See United States v. Rosales-Bruno*, 789 F.3d 1249, 1256–57 (11th Cir. 2015).

The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a). In imposing a particular sentence the district court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. See § 3553(a)(1)–(2). The court must also consider the kinds of sentences available, the applicable guideline range, the relevant policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to the victim. *See* § 3553(a)(3)–(7).

Mr. Francois fails to demonstrate that the district court's sentence is unreasonable under § 3553(a) and the totality of the circumstances. Although Mr. Francois' offense involved "only" four handguns, his conversation with the undercover agent indicated that he was familiar with gun smuggling and that he intended to smuggle guns in the future. In Mr. Francois' case, the district court felt that deterrence was necessary. Mr. Francois' sentence was a variance of 10 months below the advisory guideline range and well below the statutory maximum

8

of 120 months. Although Mr. Francois argues that the court did not give enough weight to § 3553(a)(4) or (6), we do not find any abuse of discretion. *See Gonzales*, 550 F.3d at 1324. Accordingly, we affirm the district court's sentencing order and find Mr. Francois' sentence reasonable.

## V.

Mr. Francois' sentence is affirmed.

**AFFIRMED.**